# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____14-cv-843_____

ATHOL MOTORCAR INC., individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

CARFAX, INC., a Pennsylvania corporation,
VIMENTURE, LLC, a Colorado limited liability
company,

    Defendants.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Athol Motorcar Inc. ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants CARFAX, Inc. and Vimenture, LLC (collectively, "Defendants") to stop their practice of sending unsolicited fax advertisements to the fax machines of consumers and businesses nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## NATURE OF THE ACTION

1.     Defendant CARFAX claims to be the "most trusted provider of vehicle history information" in the United States and boasts that its services are "used by millions of consumers each year" and that "CARFAX Vehicle History Reports™ are available on all used cars and light

trucks model year 1981 or later."[1]

2.    In an effort to generate new customers, Defendant CARFAX sent (and/or directed Defendant Vimenture to send) advertisements to thousands of fax machines nationwide without prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.    The TCPA was enacted to protect consumers from unsolicited and repeated commercial fax messages exactly like those alleged in this case. Defendants sent these unsolicited fax advertisements despite the fact that neither Plaintiff, nor the other members of the putative Class, ever provided express consent to receive such advertisements.

4.    By sending the unsolicited fax advertisements at issue in this Complaint, Defendants caused Plaintiff and the other members of the putative Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited fax advertisements. These unsolicited fax advertisements further damaged Plaintiff and the putative Class inasmuch as they lost the use of their fax machines, paper, and ink toner as a result of receiving such advertisements. That is, unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. The unsolicited fax advertisements at issue also invaded Plaintiff and the putative Class's privacy.

5.    In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and now seeks an injunction requiring Defendants to cease all unsolicited faxing activities and an

---

[1]    About Us, http://www.carfax.com/about/car_history/hcabout.cfm (last accessed March 21, 2014).

award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Athol Motorcar Inc. is a corporation existing under the laws of the State of New York.

7. Defendant CARFAX, Inc. is a corporation existing under the laws of the State of Pennsylvania with its principal place of business located at 5860 Trinity Parkway, Unit 600, Centreville, Virginia 20120. Defendant CARFAX conducts business throughout this District, the State of Colorado, and the United States. Defendant CARFAX is registered to conduct business with the Colorado Secretary of State (entity number 20081098876) with its address listed at 15 Inverness Way East, Englewood, Colorado 80112.

8. Defendant Vimenture, LLC is a limited liability company existing under the laws of the State of Colorado with its principal place of business located at 9429 South Lark Sparrow Drive, Highlands Ranch, Colorado 80126. Defendant Vimenture is a business partner of Defendant CARFAX that operates under the name NetProCo and NetProWa.[2] "NetPro" is a registered trade name of Defendant Vimenture in Colorado. Defendant Vimenture conducts business throughout this District, the State of Colorado, and the United States.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, which is a federal statute. The Court has personal jurisdiction over Defendants because Defendants conduct significant business

---

[2] *See* NetProCo, http://www.netproco.com (last accessed March 21, 2014); *see also* NetProWa, http://www.netprowa.com (last accessed March 21, 2014).

transactions in this District, solicit business in this District, and because Defendant Vimenture is incorporated in this District and Defendant CARMAX is registered to conduct business in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct significant business transactions in this District, solicit business in this District, because a substantial part of the events giving rise to this action occurred in this District and because Defendant Vimenture is incorporated in this District and Defendant CARMAX is registered to conduct business in this District.

**COMMON FACTUAL ALLEGATIONS**

11. Defendant CARFAX is one of the best-known providers of vehicle history reports to car dealerships and consumers nationwide.

12. In an effort to promote its services, Defendant CARFAX hired Defendant Vimenture to send fax solicitations on its behalf. Specifically, Defendant Vimenture sent fax advertisements to businesses and consumers nationwide promoting CARFAX's Service Network, which is a service that provides "auto shops and aftermarket service facilities" access to CARFAX's database of consumer vehicle history reports.[3]

13. Defendants sent (or had sent on their behalf) thousands of unsolicited fax advertisements to Plaintiff's and the members of the Class's fax machines without consent for the express purpose of obtaining new customers for its Service Network. The fax messages were unsolicited advertisements promoting Defendant CARFAX's services.

14. Defendants sent the advertisements using the outbound phone number (703) 218-

---

[3] CARFAX Service Network, https://service.carfax.com/csn/default.cfx (last accessed March 21, 2014).

2853. The phone number (703) 218-2853 belongs to and is associated with Defendant CARFAX.

15. Plaintiff and Class members did not give their prior express consent to receive fax messages from Defendants, or phone calls of any kind, nor did they desire to receive such fax advertisements.

### FACTS SPECIFIC TO PLAINTIFF

16. Plaintiff Athol Motorcar is an automotive mechanic located in the State of New York.

17. On February 27, 2014, Plaintiff received a fax message from Defendants from the phone number (703) 218-2853. *See* Figure 1 (showing a copy of the CARFAX's fax advertisement sent to Plaintiff).

**(Figure 1.)**

5

18. The caller ID on Plaintiff's fax machine stated "NETPROCO."

19. Plaintiff did not provide its express consent to receive faxes from Defendants, nor did it have any other contact with Defendants.

20. Plaintiff did not have any type of an established business relationship with Defendant CARFAX or Defendant Vimenture.

21. Defendants were and are aware that the unsolicited fax advertisements at issue were (and are continuing to be) sent, and that the faxes were being transmitted to consumers and entities that had not consented to receive them.

## CLASS ALLEGATIONS

22. Plaintiff Athol Motorcar brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of itself and a class of similarly situated individuals and entities defined as follows (the "Class"):

> All individuals or entities in the United States (1) to whom Defendants sent a telephone facsimile message; (2) advertising Defendant CARFAX's products or services; and (3) for whom Defendants did not have a record of consent to transmit facsimile advertisements to them.

The following persons are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors, (3) persons who properly execute and file a timely request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, (5) the legal representatives, successors, or assigns of any such excluded persons, and (6) Plaintiff's counsel and Defendants' counsel.

23. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have sent unsolicited fax advertisements to thousands of consumers and entities that fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common and predominant questions for the Class include, but are not necessarily limited to, the following:

   (a)   whether Defendants' conduct violated the TCPA;

   (b)   whether Defendants' fax messages constitute unsolicited advertisements;

   (c)   whether Defendants systematically sent fax advertisements to members of the Class for whom Defendants did not have a current record of express consent to transmit such faxes to; and

   (d)   whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

25. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and transmission of unsolicited fax advertisements.

26. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and

Defendants have no defenses unique to Plaintiff.

27. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

28. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual

litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
## (On behalf of Plaintiff and the Class)

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. Defendants sent, or directed to be sent, unsolicited fax message advertisements to fax machines belonging to Plaintiff and other members of the Class without their prior express consent to receive such messages.

31. Defendants' fax messages are unsolicited advertisements because they advertise and otherwise solicit consumers and businesses to purchase Defendant CARFAX's goods and services and Plaintiff and the members of the Class did not consent to receive such messages. Specifically, the fax message included information about the availability of Defendant CARFAX's services and provided a phone number and website where a fax recipient could sign up and pay for the same.

32. Plaintiff and members of the Class did not provide their express consent to receive fax messages from Defendants and did not have any form of a business relationship with Defendants.

33. By making, or having made on their behalf, the unsolicited fax calls to Plaintiff

and Class members' fax machines without their prior express consent, Defendants have violated 47 U.S.C. § 227(b)(1)(C).

34. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited fax messages and to maintain their fax machines, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

35. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Athol Motorcar, Inc., individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Athol Motorcar, Inc. as the representative of the Class, and appointing its counsel as Class Counsel;

B. An award of actual and statutory damages;

C. An injunction requiring Defendants to cease all unsolicited faxing activities, and otherwise protecting the interests of the Class;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**ATHOL MOTORCAR, INC.**, individually and on behalf of all others similarly situated,

Dated: March 21, 2014

By: /s/ Steven L. Woodrow
     One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@edelson.com
Megan Lindsey
mlindsey@edelson.com
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4878
Fax: 303.446.9111

Jay Edelson
jedelson@edelson.com
Alicia E. Hwang*
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

Attorney for Plaintiff and the Putative Class

*Application for Admission to be Filed*